Gen. 195]                                                              195

**ANIMALS**


COUNTIES – PREEMPTION – COUNTY ORDINANCE RESTRICTING
    TRAPPING OF ANIMALS IS PREEMPTED IN PART BY STATE
    LAW


November 9, 2004


The Honorable Barbara Frush
*Maryland House of Delegates*


You have asked for our opinion whether §17.307(e) in Howard County Bill 51-2004, which would restrict the use of traps to capture animals, is preempted by State law.

In an opinion dated August 16, 2004, the Howard County Solicitor concluded that portions of §17.307(e) are "in conflict with State laws on the same subject matter and, therefore, are preempted and not legally enforceable." In an advice letter dated August 18, 2004, Assistant Attorney General Kathryn M. Rowe reached the same conclusion. Copies of both of those letters are attached.

We have reviewed the County Solicitor's opinion and Ms. Rowe's letter and agree with their analysis and conclusion. While some portions of the ordinance are consistent with State law (*e.g.,* allowing traps to be used to catch rats and mice, prohibiting certain traps within 150 feet of another's residence), other portions of the ordinance are inconsistent with State law (*e.g.,* prohibition of leg-hold traps, intervals at which traps must be checked, requirement that DNR agents notify county official before setting traps). To the

extent that §17.307(e) conflicts with State law, the County ordinance is preempted.[1]


J. Joseph Curran, Jr.
*Attorney General*

Robert M. McDonald
*Chief Counsel*
*Opinions and Advice*

**J. JOSEPH CURRAN, JR**
**Attorney General**

**DONNA HILL STATON**
**MAUREEN M. DOVE**
**Deputy Attorneys General**



**ROBERT A. ZARNOCH**
**Assistant Attorney General**
**Counsel to the General Assembly**

**BONNIE A. KIRKLAND**
**KATHRYN M. ROWE**
**SANDRA J. COHEN**
**Assistant Attorneys General**

August 18, 2004

*The Honorable Robert H. Kittleman*
*Maryland Senate*

You have asked for advice concerning the portion of Howard County Bill No. 51-2004 which regulates trapping. Specifically, you have asked whether these provisions are preempted by State law. It is my view that the provisions in question are preempted.

Howard County Bill No. 51-2004 is a comprehensive animal control ordinance relating to such matters as vaccination of domestic animals for

---

[1] You suggest in your letter that the conflicting provisions of the ordinance might be construed harmoniously with State law. For example, you propose that the requirement in the ordinance that DNR notify the County before setting traps be read simply as an acknowledgment that DNR, as a matter of courtesy, notifies County officials of its trapping activities in the County. Such a reading essentially eliminates the condition for DNR trapping set forth in the ordinance – which amounts to another way of saying that the notification requirement is preempted by State law.

rabies, the licensing of dogs and cats, animal nuisances, dangerous animals, animal cruelty and neglect, impoundment of animals, quarantine of animals, and similar matters. Section 17-307(e) relates to the use of traps. It permits the use of snap-type traps designed to catch rats and mice and the use of box traps, but prohibits the use of leghold traps. It further places limits on the placement of traps on the property of others or within a certain distance of the residence of another person. It requires that a person who sets a trap check it daily and remove any animal in the trap immediately. Finally, it states that an authorized agent of the Department of Natural Resources may set traps related to wildlife control anywhere in the County after notifying the animal control administrator when and where the traps will be set.

State law also regulates the use of traps. Natural Resources Article § 10-408.1 provides generally that a person may not place a snare, body-gripping, or leghold trap within 150 yards of a permanent human residence. However, the section does not apply to snap-type traps used to catch rats and mice, or to state and federal wetlands, private wetlands designated by the Department of Natural Resources, land that qualifies for agricultural assessments, timberland, or lands used for reforestation. In Howard and Harford counties, owners and lessees of privately owned land are permitted to set traps on their property so long as the traps are not within 150 yards of the permanent residence of another person. In addition, Natural Resources Article § 10-410(o) bars the use of steel jaw leghold traps on land in Anne Arundel, Baltimore, Montgomery and Prince George's counties, but permits farmers to set traps on their farmland and also permits the setting of traps by agents of the Department of Natural Resources. Section 10-410(p) prohibits the use of snare traps in Anne Arundel, Baltimore, Carroll, Cecil, Harford, Montgomery, and Prince George's counties. Additional regulations related to trapping are found in the regulations of the Department of Natural Resources.

Although the matter is not free from doubt, it appears that the General Assembly has not completely preempted regulation in this area by the counties. Article 25A, § 5(M) gives the charter counties the authority "to pass fish and game laws." In fact, early bill review letters from this office concluded that the General Assembly lacked the authority to legislate for a single county with respect to the use of leghold traps or snares. *See* Bill Review Letter on Senate Bill 838 of 1978; Bill Review Letter on House Bill 1368 and 1385 of 1979. However, in 1980, the Circuit Court in Baltimore County held that State law on the control of wildlife preempted the field with respect to the subject of trapping, thus rendering void a Baltimore County ordinance prohibiting the use of all traps except for box or live traps. *Tracey v. Baltimore County*, (Circuit Court for Baltimore County, Equity No. 107163 December 19, 1980). Based in part on that ruling, this office advised that a bill relating to

hunting only in Harford County was not clearly unconstitutional. Bill Review Letter on House Bill 1331 of 1981. We have subsequently approved other such legislation, though we have not retreated from the position, contrary to the conclusion of the Circuit Court in *Tracey*, that the charter counties have the authority to enact game laws. Bill Review Letter on House Bill 140 of 1990.

Regardless of whether the entire field of trapping is preempted by state law, however, the trapping portions of Howard County Bill No. 51-2004 are preempted because they are in conflict with State laws and regulations. The conflicts are fully described in the attached letter from the County Attorney for Howard County to the Honorable James N. Robey, County Executive.

Kathryn M. Rowe
*Assistant Attorney General*

---

*Howard County, Maryland*
*Office of Law*
*5430 Court House Drive*
*Ellicott City, Mayrland 21043*
*(410) 313-2100*

August 16, 2004

The Honorable James N. Robey
County Executive

Re:   Legality and enforceability of
       Section 17.307(e) of Council Bill 51-2004

You have asked for an opinion of the County Solicitor on the legality and enforceability of Section 17.307 (e) of Council Bill 51-2004. Section 17.307(e) prohibits the use of leg-hold animal traps in Howard County and includes requirements for the use of other types of traps. For the reasons which follow, we conclude that portions of this section are in conflict with State laws on the same subject matter and, therefore, are preempted and not legally enforceable.

*County Law*

The full text of Section 17.307(e) is:

"(E)    *Traps.*
   (1) P*ermitted types.* Snap-type traps designed to catch rats and mice and box-type traps designed to capture the entire animal in an enclosure may be set.
   (2) *Prohibited types.* A person shall not use leg-hold traps.
   (3) *Consent of owner.* A person shall not place a trap on any property without written consent of the property owner, except that the administrator may set traps with verbal permission of the property owner.
   (4) S*nare and body-gripping traps--proximity to residences.* An owner or lessee of private real property may place, set, maintain, or operate snare or body-gripping traps on the property, provided that no such trap is placed, set, maintained, or operated within 150 yards of the permanent residence of another person.
   (5) C*hecking traps.* A person who sets a trap shall:
      (i)    check the trap daily; and
      (ii)   remove any animal in the trap immediately.
   (6) *Department of Natural Resources.* An authorized agent of the Department of Natural Resources may set traps related to wildlife control anywhere in the county after notifying the animal control administrator when and where the traps will be set."

*State Law*

Title 10 of the Natural Resources Article of the Annotated Code of Maryland contains laws dealing with wildlife management. Provisions of Title 10 cover the authority of the Department of Natural Resources, endangered species, hunting licenses, hunting restrictions, restrictions relating to fur bearing mammals, waterfowl, use of hunting dogs, State wildlife management and hunting areas, captive wildlife and penalties for violations.

Section 10-202 of the Natural Resources Article charges the Secretary of the Department, generally, with the responsibility "for conservation and management of wildlife and wildlife resources of the State" and directs the Secretary to for provide a State wide system of assistance to local political subdivisions.

The Department is allowed to reduce wildlife population in designated parts of the State if an investigation shows that the protected wildlife is "seriously injurious to agricultural or other interests." The method to be

used is left to the "Department's discretion, except that trapping is preferred whenever feasible."[1]

The Secretary is authorized to issue trapping permits "when the Secretary deems it advisable" to any person to trap game on State property or private property with the permission of the owner.[2]

Section 10-408.1 prohibits, with exceptions, the use of snares, body gripping or leg-hold traps within 150 yards of a residence. This general prohibition does not apply to State and federal wetlands; private wetlands designated by the Department; land which qualifies for an agricultural assessment for real property taxes; certain traps submerged in water; and "snap-type traps used to catch rats and mice." A separate subsection of 10-408.1, applicable only in Harford and Howard counties, modifies the restriction so that a trap may be set closer to the property owner's house, but must be at least 150 yards from the permanent residence of a person other than the owner of the property on which the trap is set.

Restrictions on hunting wildlife are set forth in Section 10-410. Traps or snares are declared illegal except to take fur bearing mammals. Steel jaw leg-hold traps are prohibited, with exceptions, in Anne Arundel, Baltimore, Montgomery and Prince George's counties. The use of snare traps is prohibited in Anne Arundel, Baltimore, Carroll, Cecil, Harford, Montgomery, and Prince George's counties.

The Code of Maryland Regulations ("COMAR") includes regulations promulgated under the authority of the Natural Resources Article. COMAR 08.03.06.03 sets forth rules for trapping. Except for beaver, smooth-jawed leg-hold traps with a maximum jaw spread of a 5 ¾ inches are allowed on land. Smooth-jawed leg-hold traps that are completely under water may have a maximum jaw spread of 7 ¾ inches. This regulation provides that all traps, except those that are under water or in tidal marshes must be checked every day. Under water and marsh traps must be checked once every 36 hours.

---

[1] Section 10-206 of the Natural Resources Article. Hereinafter, all section references without other designation are in the Natural Resources Article.

[2] Section 10-313.

*The Doctrine of Preemption*

Upon adoption of a county charter, the Maryland Constitution vests the legislative body of the county with the power to legislate on such matters as are granted by the General Assembly. The legislative grant is found in Article 25A of the Maryland Annotated Code. That legislative power, however, is constitutionally limited so: "that in the case of any conflict between the said local law and any Public General Law now or hereafter enacted the Public General Law shall control."[3]

Under Maryland case law, the State "may preempt local law in one of three ways: (1) preemption by conflict, (2) express preemption, or (3) implied preemption." *Talbot County v. Skipper*, 329 Md. 481, 487-8, 620 A.2d 880, 883 (1993) Under "the doctrine of conflict preemption . . . when a local ordinance conflicts with a public general law enacted by the General Assembly, the local ordinance is preempted by the State law and is rendered invalid." *Worton Creek Marina LLC v. Claggett*, ___ Md. ___, ____ 850 A.2d 1169, 1176 (2004). "The local ordinance is preempted when it either prohibits an act that under the State law is permitted or it permits an act that under State law is prohibited." Id. at ____, 1177. "Express preemption occurs when the General Assembly prohibits local legislation in a field by specific language." Id. Preemption by implication is found when the Legislature has acted with in a subject area with such force and comprehensiveness that it indicates an intent to occupy the entire subject matter.[4]

In *Worton Creek Marina*, the Court of Appeals held that a local ordinance allowing boats to remain at a mooring site after the water fowl season opened was preempted by conflict because section 8-704 of the Natural Resource Article gave riparian land owners preferential rights to hunt in the waters fronting their property and the local ordinance would have prohibited the riparian owner from hunting in those waters for two of the months permitted by State law.[5]

---

[3] Maryland Constitution, Article X1-A, Section 3.

[4] See discussion of preemption by implication in *Talbot County v. Skipper,* 329 Md. at 488, 620 A.2d at 883.

[5] Other examples of local laws preempted by conflict with State laws include: laws limiting or prohibiting eviction of tenants under circumstance that public general laws of the State permit summary eviction *Heubeck v. City of Baltimore*, 205 Md. 203, 107 A.2d 99 (1954), *County Council v. Investors Funding Corporation* 270 Md. 403, 312 A.3d 225 (1973); and a law granting a right of first opportunity to buy before a condominium conversion which imposed a local burden and time constraint not contained

(continued...)

*Legislative Background*

Regulation of leg-hold traps for or by local subdivisions has been an issue before the General Assembly in many sessions. The topic has been treated in "bill review letters" from the Maryland Attorney General, but has not been addressed in a formal opinion. In 1977, a bill which became Chapter 795, was introduced to limit the use of leg-hold traps in Calvert, Prince George's, Howard, Wicomico, and Worcester counties. As enacted, the law applied only to Montgomery County, the other counties having been removed by amendments. The bill was signed by the Governor and added to Title 10 as Section 10-410(o). [6]

In 1978, a bill regulating trapping solely for Anne Arundel County was vetoed by the Governor after receiving a bill review letter dated May 8, 1978, advising that because the bill applied only to a single charter county on a matter within a charter county's power to legislate, the bill was a "public local law" within the meaning of Section 4 of Article XI A of the Maryland Constitution and not subject to the legislative power of the General Assembly. [7] At the end of the 1979 legislative session, the Governor vetoed bills regulating trapping in Harford County, for the same reason, after receiving a bill review letter dated May 23, 1979. Again, the bill review letter did not address the question of preemption by conflict, focusing instead, on the constitutional prohibition on the General Assembly's power to legislate for a single charter county on matters within the express powers granted.

A Baltimore County Circuit Court judge ruled on December 19, 1980, that a Baltimore County ordinance prohibiting the use of leg-hold traps was unconstitutional because the regulation of hunting had been preempted by State law. In the next session, the General Assembly enacted separate bills regulating leg-hold traps for Baltimore County, Harford County and Anne Arundel County. A bill view letter dated May 15, 1981, referred to

---

[5] (...continued)
in State law regulating condominium conversions. *Rockville Grosvenor, Inc. v. Montgomery County*, 289 Md. 74, 442 A.2d 353 (1980)

[6] In 1978 Prince George's County was added to the list and currently the prohibition also applies to Anne Arundel and Calvert counties.

[7] Section 4 reads in pertinent part: "[N]o public local law shall be enacted by the General Assembly for [ ..a charter] County on an subject covered by the express powers granted as provided above. Any law so drawn as to apply to two or more of the geographical sub-division of this State shall not be deemed a Local Law, within the meaning of this Act."

the Baltimore County Circuit Court decision and advised, that while the decision was not legally binding in Harford County, the bill was "not clearly unconstitutional." The bill was signed and became law.

During the 2001, 2002, and 2003 General Assembly Sessions, bills were introduced to eliminate or restrict the use of leg-hold traps through out the State.[8] Each time, the legislation was opposed by the Department, which argued that leg-hold traps were an important tool for controlling nuisance populations and their elimination would have a negative effect on small businesses.[9] In the 2003 Fiscal and Policy Note to Senate Bill 272, the Department advised "that most furbearers are caught using leghold traps and that by prohibiting the use of those traps, the bill would effectively eliminate commercial and recreational harvest of many furbearers in Maryland." All of these State wide bills failed to pass the General Assembly.

*Anaylsis*

The subject matter of leg-hold traps is not expressly preempted by State law. While it is possible that the area may be preempted by implication, we do not need to decide that issue to respond to your request. The core elements of Section 17.307(e) of Howard County's ordinance are in direct conflict with State law and, therefore, preempted by conflict.

Section 17.307(e) of the ordinance completely prohibits the use of leg-hold traps in Howard County. However, State law and regulations expressly allow leg-hold traps of a certain size to be used to capture certain furbearing mammals, except in those counties listed in Section 10-410 (o).[10]

Other parts of Section 17.307(e) are also in direct conflict with State law. The ordinance requires all traps to be checked daily. State regulations require that traps be checked every 24 hours, except that under water traps must be checked every 36 hours. To the extent the ordinance would require an under water trap in Howard County to be checked every twenty four hours, the ordinance conflicts with State law. The Howard County ordinance also allows the Animal Control Administrator to set a trap on

[8] See: Senate Bill 543 of 2001; House Bill 377 of 2002; and Senate Bill 272 and House Bill 365 of 2003.

[9] See: the Fiscal and Policy Note for each bill referred to in foot note 8.

[10] COMAR 08.03.06.03

property with the verbal permission of the owner. State law prohibits any "person" from setting a trap without the written permission of the property owner.[11] "Person" is broadly defined in State law to include the State and local subdivisions.[12] To the extent the ordinance would exempt the Administrator from obtaining written permission of a property owner, it conflicts and is preempted.

The ordinance on its face, would prohibit the Department from setting leg-hold traps in Howard County and would remove a tool which the Department in the 2003 Fiscal and Policy Note reported to be a particularly promising method for the control of nutria. This would restrict the Secretary and the Department from fully exercising the authority and discretion the Natural Resources Article confers on them.

Section 17.307(e) part (6) would require the Department to notify the Animal Control Administrator in advance of setting any traps in Howard County. While such cooperation is desirable and consistent with the Secretary's charge to assist local subdivisions and develop agreements on procedures and plans for dealing with wildlife, a county cannot, without specific legislative authority, require on a State agency to comply with a local ordinance or prevent a State agency from exercising the authority and discretion conferred on it by State law.

*Conclusion*

For the reasons given in this opinion, this office concludes that portions of Section 17-307(e) of the Howard County ordinance are in conflict with State laws on the same subject matter and, therefore, are preempted and not legally enforceable.

HOWARD COUNTY OFFICE OF LAW

Barbara M. Cook
County Solicitor

Ruth Newman Fahrmeier
Senior Assistant County Solicitor

---

[11]  Section 10-410(k)

[12]  Section 10-202(n)